ALFRED BRENNER, PROSECUTOR, v. CITY OF BAYONNE ET AL., DEFENDANTS.

Submitted January 29, 1943—Decided July 12, 1943.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Alfred Brenner, pro se.*

For the defendants, *Collins & Corbin (Edward A. Markley* and *Raymond J. Lamb).*

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* brings up the action of the Board of Commissioners of the City of Bayonne in adopting an ordinance abolishing the office of corporation counsel of the city, which office prosecutor held at the time of its attempted abolition. This case is a companion case to those of Murphy *v.* Bayonne and McCarthy *v.* Bayonne, the testimony in all three having been taken at the same time.

By ordinance passed May 17th, 1932, there was created in Bayonne the office of corporation counsel. The ordinance now under review abolished that office. There is also the office of city attorney in the legal department and there are other inferior offices in the department. Prosecutor was appointed corporation counsel by Commissioner Murphy on April 6th, 1942. The term fixed by the ordinance was one year.

The prosecutor's first point is that the appointment of a corporation counsel in second class cities is mandatory by statute and the governing body could not, therefore, abolish the office. *R. S.* 40:171–109 is relied on and that section provides that in second class cities the governing body "shall * * * appoint a * * * City Counsel * * * which said officers shall be appointed for a term of three years or until their successors are appointed and qualified * * *." The effect of prosecutor's argument seems to be that he holds office under this statute and therefore the Board of Commissioners cannot abolish his office or otherwise disturb his tenure. However that may be, the fact is that the writ is limited to a review of the ordinance adopted in May, 1942. If there is a statutory office in Bayonne which prosecutor occupies and which the commissioners may not abolish, that question may be determined in a proper proceeding. But here we are dealing with an ordinance which attempts to abolish an office purportedly created by an earlier ordinance. The ordinance under review would not be invalidated by the existence under a statute of an office of like or similar title. The existence of a statutory office and the right of prosecutor to hold it are not now in question. The governing body of the municipality undertook by ordinance to do away with an office which a prior governing body had created by ordinance. This we think it had power and authority to do. The effect of the ordinance in question was simply to abolish the office created by the ordinance of 1932, if any office was created by that earlier ordinance. Prior to the ordinance of 1932, the office of corporation counsel was not recognized in Bayonne. Any statutory office is not and cannot be affected.

The second point is that the office of corporation counsel

having been created both by statute and ordinance, such office ' cannot be abolished, nor the term of an incumbent affected. The present governing body has ample authority to repeal the action of an earlier governing body with respect to the creation of an office. As stated above, the effect of the statute is not involved in the present proceeding.

The other points involve the motives and the good faith of the governing body in the adoption of the ordinance. If this were a proper ground for attack upon such an ordinance, we would be unable to find in the evidence a factual basis to support it.

The writ is dismissed, with costs.